O’Neall, JT.,
dissenting. In this case, having come to a conclusion different from a majority of the court, I take this occasion to state my own views, and those of my brethren who concur with me, in as few words as practicable. The contest is, whether the judgment confessed by Henning to McBee is fraudulent, as against his (Henning’s) creditors. If it be founded on no valuable consideration, I think it will hardly be pretended that it can stand in any other way than “ to defeat, hinder or delay” the creditors, and will therefore be a clear fraud upon them.
To arrive at a proper conclusion about this matter, we must go back to the 30th of December, 1824; at that time, Henning owed McBee $5,000, and, in the language of the report, in consideration of the said sum, Henning conveyed to McBee, in fee simple, a tan-yard and some lots, in the *205 village of Greenville, on which was a house used as a tavern, and some stables.” After the execution of that deed, did any debt remain 'l Unquestionably not, for it was paid. The deed extinguished the antecedent debt. But it is said that deed was not, although absolute on its face, intended for any thing else than a mortgage, and testimony was offered and received to establish that point. The first enquiry to be disposed of is, was such evidence admissible'? In a law court, it is clear that it was not. In Stinson & Alexander, administrators of Wm. Anderson, deceased, vs. McKeown & Ferguson, 1 Hill, 387, that very point was decided; for in it, the Judge delivering the opinion said, “ I agree with the Judge below, that parol evidence cannot be received in a suit between the parties to a bill of sale absolute on its face, in a court of law, to shew that it was intended as a mortgage.” If this be the settled rule between the parties, much less can such evidence be resorted to for the purpose of setting up such a matter against'the rights of creditors. In equity, the rule is generally as it is at law. In Ryan vs. Goodwin, McMull. Eq. 451, it was held that a deed absolute on its face could not be so varied by parol proof, as to create a separate estate in favor of a married woman against the rights of her husband’s creditors. That case reaches the one now under consideration: for if it was incompetent to change that deed by parol proof, so as to protect the wife’s interest, according to the true intent of the parties, against the rights of the creditors, it must be equally so here, where the same evidence is resorted to, to make an absolute deed, inconsistent with the possession under it, a mortgage; which might be consistent with it. So far, then, as the verbal proof is concerned, there is no doubt that the deed cannot be changed by it.
But it is said the endorsement on the deed, made after Henning’s insolvency, will have the effect of turning the deed into a mortgage. That, however, cannot help McBee; he may be concluded by it, if any one chooses to use it against him. But when he undertakes to use it against others, it is only his declaration, which can have no effect to benefit him. Indeed, it is nothing against the rights of others. The deed of further assurance is only a confirmation of the deed of 1824 ; and if the two together can stand *206 as an absolute bona fide, conveyance to McBee, it will be very well, and they will then fully avail the defendants. But that does not support the confession; for in that point of view, the debt was paid, and the title good.
It is, however, said, admit all which has been urged, still the parties might rescind all which has been done, by McBee restoring the real estate to Henning, and Henning securing the old debt to McBee. This is susceptible of two legal answers: 1st: there has been no rescission, for McBee still has the legal title; he has made no conveyance to Henning, and therefore Henning has received nothing for the confession. This makes it fraudulent as against creditors. 2d: admit that as between Henning and McBee, the confession is good, for, in law, I have no doubt it is so ; still, however, is it good against the creditors 1 Let it be remembered, that in 1824, Henning legally paid the debt of $5,000, by his conveyance. If that deed, by the act of McBee, became inoperative against creditors, it would be monstrous to suppose that he can, in point of fact, make it good against them by obtaining a confession of judgment from Henning for its consideration. That that deed never could prevail against creditors, may be demonstrated by authority. McBee was Henning’s creditor, and, in payment of his debt, took the deed, and suffered him to remain in possession for fifteen years, without recording his deed, or any public exhibition of his claim as owner. In personalty, since Smith vs. Henry, 1 Hill, 16, there cannot be a doubt that such facts would defeat the purchaser’s title. In such a case, the possession of the vendor would be a fraud per se. The same rule has been extended to land. In Anderson vs. Fuller et al. McMull. Eq. 27, where the vendor, after an absolute conveyance, was permitted to retain possession of a part of the land sold, designated by specific boundaries, it was held by the court of Chancery, that the rule of Smith vs. Henry applied to it, and that as to that land, the possession of the vendor was a fraud per se, and that, therefore, his title, so far as his creditors were concerned, remained undivested. The rule being then settled, that in land, as well as personalty, the possession of the vendor, after a sale and conveyance to a creditor, is a fraud per se, it must apply to Henning’s conveyance to McBee, *207 and must defeat it entirely. Hence there is nothing in that argument which supposes that the confession benefits the creditors, by enabling them to get so much of the proceeds of the tan-yard and lots as may exceed $5,000. Without it, they would get the whole. Loss, not benefit, is therefore the result of the confession to them. If the deed is avoided by fraud, it follows that, as against the creditors, the debt which it paid cannot be regarded as bona fide due and owing by Henning, to support the confession in favor of McBee, which is therefore not founded on a real but a fictitious debt, and is fraudulent and ought to be set aside. I think, for these reasons, a new trial should be granted.
.Dunkin, C., and Butler, J., concurred.
Earle and Wardlaw, JJ., did not hear the argument, and gave no opinion.
Harper, Ch. absent.